Filed 7/3/24  P. v. Garcia CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESSE GARCIA,<br><br>    Defendant and Appellant. | D082924<br><br><br><br>(Super. Ct. No. SCD221708) |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed.

Jesse Garcia, in pro. per.; and Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2010, Jesse Garcia entered into a plea agreement with a stipulated sentence.  He pleaded guilty to voluntary manslaughter (Pen. Code, § 192, subd. (a)), assault with a semi-automatic firearm (§ 245, subd. (b)), and dissuading a witness by force or threat (§ 136, subd. (c)(1)).  Garcia also pleaded guilty to several other firearm and drug related offenses.  The parties stipulated to a sentence of 35 years in prison.  A murder charge was

dismissed.  Garcia also admitted a prison prior (§ 667.5, subd. (b)).  The court imposed a determinate term of 35 years in prison.

In 2023, Garcia successfully petitioned for resentencing under section 1172.75.  The court struck the prison prior and reduced Garcia's sentence to 34 years.

In 2023, Garcia filed a petition for resentencing under section 1172.6. The court appointed counsel, received briefing, and held a prima facie hearing on Garcia's petition.

After reviewing the record of conviction, the court denied the petition without issuing an order to show cause or conducting an evidentiary hearing, finding Garcia was not eligible for resentencing as a matter of law.  The court stated:

> "By his own admission in the court record, Petitioner was the actual killer.  Petitioner was convicted by plea on June 23[ ], 2010, along with eight other charges, of a violation of Penal Code section 192[, subdivision] (a), and admitted that he personally used a firearm, pursuant to Penal Code section 12022.5[, subdivision] (a).

> "The petition is ineligible for relief as a matter of law for the following reasons:  The record of convictions establishes by the petitioner's own admission that he personally shot and killed the victim.  He admits that it was not in self-defense and that he shot him several times with a 9-millimeter pistol in close range.  Based upon his conduct, he believed he would be convicted of first degree or second degree murder and entered into this plea to avoid an indeterminate term.  That is part of the court record.

> "The record of conviction also demonstrates that Petitioner was the actual killer in the homicide, and this was not a case upon which the People were prosecuting the defendant on either felony murder or natural and probable [consequences] doctrine or aiding and abetting as to the petitioner.

"Pursuant to the case of *People v. Lopez* [(] 2022 [)] 78 Cal.App.5th 1, upon review of the pleadings, if the record indicates that the defendant was the direct perpetrator of the homicide and there is nothing in the record of conviction that demonstrate the People presented an argument for felony murder or natural and probable consequences, then the defendant is ineligible for the relief requested. Accordingly, this petition is denied."

Garcia filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise our discretion to independently review the record for error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We notified Garcia he could file his own brief on appeal. Garcia responded with a brief submission discussing the original prosecution. He does not seriously address the court's finding the record establishes he was the actual killer. Garcia focuses on the drug and weapon possession related offense, and the police activity involved in his trial. Garcia has not identified any potentially meritorious issues for reversal of the court's order under section 1172.6 regarding the homicide offense. The petition for resentencing did not apply to the non-homicide offenses. Garcia has not stated a prima facie case for relief under section 1176.2.

## DISCUSSION

As we have noted, appellate counsel has filed a brief under *Delgadillo* and asks the court to independently review the record for error. We have exercised our discretion and independently reviewed the record for error in the same way we would proceed in a case controlled by *Wende*.

Our review of the record has not identified any potentially arguable issues for reversal on appeal.  Competent counsel has represented Garcia on this appeal.

DISPOSITION

The order denying Garcia's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


CASTILLO, J.